**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLIFTON D. LOLLAR, | DOCKET NUMBER |
| Appellant, | DA-1221-14-0324-X-1 |
| | DA-1221-14-0324-C-1 |
| v. | |
| DEPARTMENT OF HOMELAND | DATE: June 28, 2024 |
| SECURITY, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ashok Bail, Esquire, Houston, Texas, for the appellant.

Michelle M. Murray, Washington, D.C., for the agency.

Larry Zieff, Esquire, Irving, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      On August 17, 2023, the Board issued a nonprecedential order affirming the administrative judge's October 10, 2017 compliance initial decision, which found

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the agency in noncompliance with the Final Order in the underlying appeal. *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-X-1, Compliance Referral File (CRF), Tab 1, Order; *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-C-1, Compliance File (CF), Tab 6, Compliance Initial Decision (CID); *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-W-3, Initial Decision (ID) (Dec. 13, 2016); W-3 Appeal File, Tab 44. We JOIN MSPB Docket Nos. DA-1221-14-0324-X-1 and DA-1221-14-0324-C-1, and for the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 On December 13, 2016, the administrative judge issued an initial decision granting the appellant's request for corrective action as to certain prohibited personnel practices. ID at 30-31. Neither party filed a petition for review, and thus, the initial decision became the final decision of the Board. ID; *see* 5 C.F.R. § 1201.113.

¶3 On May 31, 2017, the appellant filed a petition for enforcement contending that the agency had miscalculated the performance award it owed him, failed to award him a quality step increase, and failed to pay him a special act award. CF, Tab 1 at 7-16. On October 10, 2017, the administrative judge issued a compliance initial decision granting the petition for enforcement with respect to the special act award. The agency filed a petition for review, and the appellant filed a cross-petition for review. *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-C-1, Compliance Petition for Review (CPFR) File, Tabs 1, 3. On August 17, 2023, the Board denied the petition for review and the cross-petition for review, and affirmed the compliance initial decision. Order at 2.

¶4 In the August 17, 2023 Order, the Board ordered the agency to submit satisfactory evidence of compliance to the Clerk of the Board within 60 days of the Order's date. *Id*. at 8. The Order also specifically informed the appellant that he may respond to the agency's evidence of compliance within 20 days of the date of the agency's submission, and that if he did not respond, the Board might assume he was satisfied with the agency's actions and dismiss the petition for enforcement. *Id.*

¶5 On November 11, 2023, the agency submitted evidence of compliance with the Board's August 17, 2023 Order, stating that it had issued the appellant a special act award of $2,812.00; explaining how it had calculated that amount, by starting with a previous performance award of $1,000 and adding the monetary equivalent of a 24-hour time-off award; and attaching evidence of payment. CRF, Tab 2 at 1-6. The appellant has not responded to the agency's submission.

## ANALYSIS

¶6 The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶7 Here, the agency filed evidence of compliance and a clear explanation of its calculations, to which the appellant did not respond, despite being apprised that the Board might construe lack of response as satisfaction with the agency's response. Accordingly, in light of the appellant's failure to respond, we find that the agency is now in full compliance with the August 17, 2023 Order and dismiss the petition for enforcement.

¶8       This is the final decision of the Merit Systems Protection Board in this compliance proceeding and in the compliance petition for review proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.